UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER CONDAKES COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 09-cv-168-P-S |
| | ) | |
| SANDLER BROS., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ON MOTION TO CONSOLIDATE**

Before the Court is a motion to consolidate this action ("Condakes") and J.J.R. Distrib. Corp., d/b/a DiSilva Fruit v. Sandler Bros., D. Me. Docket No. 09-cv-210-P-S ("DiSilva Fruit") (Docket # 28). Plaintiff Peter Condakes Company, Inc. opposes consolidation. (See Docket # 45.) As explained herein, the motion is DENIED.

Pursuant to Federal Rule of Civil Procedure 42(a), the Court may consolidate multiple actions if they involve a common question of law or fact. Rule 42(a) "grants courts broad discretion to consolidate cases" in appropriate circumstances. Total Petroleum Puerto Rico Corp. v. TC Oil, Corp., Civil No. 09-1105 (JP), 2009 WL 702226, at *3 (D.P.R. Mar. 11, 2009); see also Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). As the District Court for the District of Columbia recently elaborated:

> "To determine whether consolidation is appropriate, a court should consider both equity and judicial economy. If savings of expense and gains of efficiency can be accomplished without sacrifice of justice, a court may find the actions merit consolidation. . . . If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate.

Hanson v. Dist. of Columbia, 257 F.R.D. 19, 21 (D.D.C. 2009) (citation and internal punctuation omitted).

The two actions, both of which arise from Defendants' alleged failure to pay promptly for perishable agricultural commodities and to maintain sufficient trust assets under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., plainly involve common parties, as well as common issues of fact or law.[1]  However, after reviewing the dockets in both cases, the Court determines that consolidation is inappropriate for three reasons.

First, although both actions touch upon the same general course of conduct—the sale of produce by the wholesaler plaintiffs to Defendant Sandler Bros.—specific transactions and business relationships between each of the plaintiffs and the corporate and individual defendants underlie the assorted claims.  Moreover, the discovery process has proceeded further in Condakes than DiSilva Fruit, in which no scheduling order has yet issued.  See Fin-Ag, Inc. v. NAU Country Ins. Co., No. Civ. 08-4141-KES, 2009 WL 44479, at *3 (D.S.D. Jan. 6, 2009).  Finally, the two cases will require two different factfinders—a jury having been demanded in Condakes but not in DiSilva Fruit[2]—and the DiSilva Fruit Plaintiffs have not cabined their request for consolidation to the pre-trial stage.  See Servants of Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp. 1560, 1573 (D.N.M. 1994).

For the foregoing reasons, the Court ORDERS that the DiSilva Fruit Plaintiffs' Motion to Consolidate (Docket # 28) is hereby DENIED.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 29th day of July, 2009.

---

[1] See Hiller Cranberry Prods., Inc. v. Koplovsky, 165 F.3d 1, 8-9 (1st Cir. 1999) (describing "position to control" standard respecting individual trustee's personal liability for PACA breach).

[2] (See Answer (Docket # 19) at 10.)