## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| PETER CONDAKES COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket no. 2:09-cv-168-GZS |
| ) | |
| SANDLER BROS., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

### ORDER ON MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment as to Sandler Bros. Only (Docket # 73). The Motion is now supported by two affidavits (Docket #s 80 & 81). Upon review of these submissions and the entire docket, the Court is concerned that the docket does not clearly reflect that Plaintiff has complied with all of the requirements for entry of default judgment pursuant to Rule 55(b)(2).

Specifically, Federal Rule of Civil Procedure 55(b)(2) states, in relevant part: "If the party against whom default judgment is sought has appeared personally or by representative, that party or its representative must be served with written notice of the application . . .." Similarly, the Magistrate Judge's January 4, 2010 Order asked Plaintiff's counsel to "clarify for the record what notice, if any, has been provided to Sandler Bros. and/or its current receiver regarding the motion for default judgment." (Docket # 77.) While Plaintiff may well have provided notice of the motion for default judgment to Sandler Bros., such notice is not reflected on any certificate of service that can be found on Docket #s 73, 80, 81 or 82.

The Court will RESERVE RULING on the Motion for Default Judgment until March 2, 2010 in order to allow Plaintiff to supplement the record with a proper certificate of service or other evidence showing the steps it has taken to notify Sandler Bros. of the pending Motion.

SO ORDERED.

                                                                                       /s/ George Z. Singal  
                                                                                        United States District Judge

Dated this 18th day of February, 2010.